















```
JPP    4/16/01    9:16
3:01-CV-00657   BLAKE CONSTRUCTION V. ZURICAN AMERICAN INS
*1*
*CMP.*
```

1 | R. Patrick McCullogh, Bar No. 141399
William D. Wheelock, Bar No. 143219
2 | Joyce R. Dondanville, Bar No. 176926
POPOV & McCULLOGH, LLP
3 | 4180 La Jolla Village Drive, Suite 450
La Jolla, California 92037
4 | Telephone: (858) 457-2900

5 | Attorneys for Plaintiff BLAKE CONSTRUCTION CO., INC.

6

7

8 | **UNITED STATES DISTRICT COURT**

9 | **SOUTHERN DISTRICT OF CALIFORNIA**

10 | '01 CV 0657 K (NLS)

11 | BLAKE CONSTRUCTION CO., INC., a
Delaware corporation,                          ) CASE NO.
                                               )
12 |                                            ) **COMPLAINT FOR BREACH OF**
                     Plaintiff,                ) **CONTRACT; BREACH OF THE**
13 |                                            ) **IMPLIED COVENANT OF GOOD**
           vs.                                 ) **FAITH AND FAIR DEALING**
14 |                                            )
ZURICH AMERICAN INSURANCE                      )
15 | COMPANY, a New York corporation; and       ) **DEMAND FOR JURY TRIAL**
DOES 1 through 10, inclusive,                  )
16 |                                            )
                     Defendants.               )
17 | _____       ) **ORIGINAL**

18

19 |         Plaintiff, BLAKE CONSTRUCTION CO., INC. complains and alleges as follows:

20 |                           **JURISDICTION AND VENUE**

21 |         1.      Jurisdiction is proper in this Court based on 28 U.S.C. § 1332 diversity of citizenship.

22 | Plaintiff is a corporation incorporated under the laws of the State of Delaware having its principal

23 | place of business in the District of Columbia, and defendant is a corporation incorporated under the

24 | laws of the State of New York having its principal place of business in the State of Illinois.  The

25 | amount in controversy exceeds, exclusive of costs, the sum of seventy five thousand dollars

26 | ($75,000).

27 | ///

28 | ///

COMPLAINT                                                    -1-

2.    Venue is proper in the Southern District of California based on 28 U.S.C. § 1391(a)(2) in that the construction project from which the claim arose is located within the Southern District of California, and a substantial part of the relevant events occurred within this District.

## GENERAL ALLEGATIONS

3.    BLAKE CONSTRUCTION CO., INC. (hereinafter "BLAKE") is, and at all times mentioned herein was, a corporation duly organized and existing under and by virtue of the laws of the State of Delaware, authorized and doing business in the State of California, County of San Diego. BLAKE is a duly licensed general contractor and was the general contractor for the construction of the Chapultepec Residence Hall located on the San Diego State University campus, 5400 Remington Road, City of San Diego, County of San Diego, State of California (hereinafter "Residence Hall Project").

4.    Plaintiff is informed and believes and thereon alleges that ZURICH AMERICAN INSURANCE COMPANY (hereinafter "ZURICH") is, and at all times mentioned herein was, a corporation duly organized and existing under and by virtue of the laws of the State of New York, licensed to do business and doing business within the State of California as an insurance company.

5.    Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, Richard A. Dudek was and is the agent and employee of defendant ZURICH, and in doing the things herein alleged was acting within the scope of such agency.

6.    Plaintiff is informed and believes and based thereon alleges that all times herein mentioned defendants were the agents, employees, representatives, or officers of their co-defendants, and in doing the things hereinafter mentioned, were acting in the course and scope of their agency and employment with the permission, consent, authority and ratification of their co-defendants.

7.    At all times relevant, ZURICH acted through its agents, employees, representatives and/or attorneys, ZURICH knew of, ratified and/or accepted each and every act of its agents, employees, representatives and/or attorneys. This ratification was done with the actual knowledge and participation of officers and of managing agents of the company.

///

///

COMPLAINT

-2-

1          8.     The true names and capacities of those defendants sued herein as DOES 1-10,

2    inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names.

3    Plaintiff will seek leave to amend his Complaint when the true names and capacities of these DOE

4    defendants have been ascertained.  Plaintiff is informed and believes and thereon alleges that each of

5    the defendants herein participated in or is interested in the acts and conduct hereinafter alleged.

6          9.     ZURICH issued the following five policies of commercial general liability insurance

7    to BLAKE as the named insured:

8          Policy No.                    Policy Period

9          GLO 8321777-00                9/1/96 - 9/1/97
           GLO 8321777-01                9/1/97 - 9/1/98
10         GLO 8321777-02                9/1/98 - 9/1/99
           GLO 8321777-03                9/1/99 - 9/1/00
11         GLO 8321777-04                9/1/00 - 9/1/01

12   (hereinafter "ZURICH policies").

13         10.    The ZURICH policies in effect from 9/1/96 to 9/1/97 and 9/1/97 to 9/1/98 were

14   subject to a $2,000,000 per occurrence, $2,000,000 products-completed operations aggregate, and

15   $4,000,000 general aggregate limit of liability, with a $500,000 per occurrence deductible for bodily

16   injury and property damage combined.  The ZURICH policies in effect from 9/1/98 to 9/1/99, 9/1/99

17   to 9/1/00 and 9/1/00 to 9/1/01 were subject to a $2,000,000 per occurrence, $4,000,000 products-

18   completed operations aggregate, and $4,000,000 general aggregate limit of liability, with a $500,000

19   per occurrence deductible for bodily injury and property damage combined.

20         11.    The ZURICH policies provide liability coverage as stated in the following provisions:

21              1.   Insuring Agreement

22              a.   We will pay those sums that the insured becomes legally obligated to pay as
                     damages because of "bodily injury" or "property damage" to which this
23                   insurance applies.  We will have the right and duty to defend the insured
                     against any "suit" seeking those damages.  However, we will have no duty to
24                   defend the insured against any "suit" seeking damages for "bodily injury" or
                     "property damage" to which this insurance does not apply.  We may, at our
25                   discretion, investigate any "occurrence" and settle any claim or "suit" that may
                     result. . . .

26

27                  (2)   Our right and duty to defend end when we have used up the applicable
                          limit of insurance in the payment of judgments or settlements under
                          Coverage A or B or medical expenses under Coverage C.

28   ///

COMPLAINT                                              −3−

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

17. "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

12. The ZURICH policies provide additional coverage in the "UNINTENTIONAL ERRORS AND OMISSIONS" Endorsement, which states:

IT IS AGREED THAT FAILURE OF THE INSURED TO DISCLOSE ALL HAZARDS EXISTING AS OF THE INCEPTION DATE OF THE POLICY SHALL NOT PREJUDICE THE INSURED WITH RESPECT TO COVERAGE AFFORDED BY THIS POLICY, PROVIDED SUCH FAILURE OR OMISSION WAS NOT INTENTIONAL.

13. The ZURICH policies provide additional coverage in the "KNOWLEDGE OF OCCURRENCE" Endorsement, which states:

IT IS AGREED THAT KNOWLEDGE OF AN "ACCIDENT", "OCCURRENCE", "CLAIM" OR "SUIT" BY THE AGENT, SERVANT OR "EMPLOYEE" OF ANY INSURED SHALL NOT IN ITSELF CONSTITUTE KNOWLEDGE OF THE INSURED AND INVALIDATE INSURANCE AFFORDED BY THIS POLICY AS RESPECT THE NAMED INSURED . . . .

14. In June 1999, the Trustees of the California State University ("Trustees") filed a lawsuit against BLAKE and others for construction defects in the building envelope of a residence hall at San Diego State University on which BLAKE acted as the general contractor. The lawsuit is currently pending in the Superior Court of the State of California for the County of San Diego under case no. 72918 (hereinafter "the underlying lawsuit").

15. The Plaintiff in the underlying lawsuit is seeking to hold BLAKE liable for negligence, breach of express warranty, breach of implied warranty, breach of contract, and fraud and deceit. The Plaintiff in the underlying lawsuit is seeking damages for: the diminished value of the residence hall; the costs to inspect, test, and repair the residence hall; the loss of use, enjoyment, and benefit of the property; and consequential damages to its business. The Plaintiff in the underlying lawsuit also seeks punitive damages for the alleged fraud and deceit.

///

16.     In a letter dated May 3, 1999, counsel for BLAKE provided ZURICH with "formal notification of a potential claim" with respect to the underlying lawsuit.  A true and correct copy of this letter from BLAKE's attorney to ZURICH is attached hereto as Exhibit "1".

17.     ZURICH responded to BLAKE by letter dated June 1, 1999, wherein ZURICH acknowledged BLAKE's notice of loss and stated:

> "The aforementioned lawsuit is Zurich Insurance Company's (ZIC) first notice of the loss, and therefore, ZIC has been unable to conduct a reasonable investigation concerning the facts giving rise to this litigation in order to make a determination as to whether there is any obligation on the part of ZIC to provide coverage to Blake Construction Co., Inc. against the claims, demands and causes of action alleged by the plaintiff."

ZURICH's letter also stated:

> "There is potential coverage for any damages that resulted from the insured's work or work product."

A true and correct copy of this letter dated June 1, 1999 from ZURICH to BLAKE's attorney is attached hereto as Exhibit "2".

18.     In a letter dated November 20, 2000, counsel for BLAKE again provided ZURICH with notice of BLAKE's claim for indemnity and/or tender of defense for the underlying lawsuit.  A true and correct copy of this letter from BLAKE's attorney to ZURICH is attached hereto as Exhibit "3".

19.     ZURICH's Account Specialist, Richard Dudek, sent BLAKE a letter dated December 7, 2000, wherein he acknowledged BLAKE's claim and stated that ZURICH was "reviewing the claim and will advise your of our coverage and/or liability evaluation as soon as possible." A true and correct copy of Richard Dudek's letter to BLAKE is attached hereto as Exhibit "4".

20.     Mr. Dudek sent BLAKE's counsel a letter dated January 4, 2001, wherein he requested information regarding the Project and advised that he expected ZURICH's investigation to conclude within the next 30 days and he would provide ZURICH's coverage position at that time. A true and correct copy of Richard Dudek's letter to BLAKE's attorney is attached hereto as Exhibit "5".

///
///
///

21. In a letter dated January 15, 2001, BLAKE's counsel responded to Mr. Dudek's request for information on the underlying lawsuit and provided him with copies of the following: pertinent pleadings; the case management order; the contract between Trustees and BLAKE; the Plaintiff's defect list; and Plaintiff's cost of repair. A true and correct copy of this letter from BLAKE's attorney to ZURICH is attached hereto as Exhibit "6".

22. In a letter dated February 19, 2001, ZURICH denied coverage to BLAKE for the underlying lawsuit and stated:

> "Zurich disclaims any obligation to defend or indemnify Blake Construction relative to the above-captioned lawsuit..."

A true and correct copy of this letter from ZURICH to BLAKE is attached hereto as Exhibit "7".

23. Plaintiff is informed and believes that when ZURICH denied coverage on BLAKE's claim, either by agents or officers of ZURICH or by counsel for ZURICH, ZURICH and its officers and agents were aware that ZURICH's position on coverage was erroneous. The true facts were that ZURICH failed to conduct a thorough investigation of BLAKE's claim and ZURICH and it officers and agents performed a faulty review of the matter, which caused ZURICH to prematurely deny coverage based on inapplicable exclusions in the policies.

24. In response to ZURICH's denial of coverage, BLAKE's counsel sent ZURICH a letter dated March 8, 2001, advising ZURICH of their improper analysis of the case. BLAKE's counsel specifically provides the legal basis for why ZURICH's denial of coverage on BLAKE's "continuous coverage claim" is erroneous and reminds ZURICH of its duty to defend its insured even when there is just a "potential" for liability, as ZURICH admitted in previous correspondence with BLAKE. A true and correct copy of this letter from BLAKE's counsel to ZURICH is attached hereto as Exhibit "8".

25. Plaintiff is informed and believes that there was a conscious decision, by and between the claims personnel and by ZURICH, to deny liability for BLAKE's claim and to purposefully and calculatingly deny coverage and insist that the company had no obligation to provide coverage, defense, or any help to its policyholder, while all the time knowing that, in fact, there was coverage and there was an obligation to provide BLAKE with a full and complete defense.

///

26.     In making these representations, ZURICH and its agents, employees and counsel knew that its coverage position lacked legal and/or factual foundation and was not offered or made in good faith.   Rather, the statements ZURICH made were made with the intent to deceive, the intent to injure, and the intent to coerce its policyholder into compromising and resolving its claim for the benefit of ZURICH and to the detriment of its policyholder.

27.     In a letter dated March 8, 2001, BLAKE's counsel advised ZURICH that its failure to attend the mediation in the underlying lawsuit based on ZURICH's erroneous coverage position was at its own peril.   A true and correct copy of this letter from BLAKE's counsel to ZURICH is attached hereto as Exhibit "9".

28.     After receiving ZURICH's denial of coverage, BLAKE retained coverage counsel to review ZURICH's position and advise ZURICH on the legal ramifications of their refusal to defend and/or indemnify BLAKE in the underlying lawsuit.

29.     In a telephone conference on March 12, 2001, BLAKE's coverage counsel discussed with ZURICH's Claims Specialist, Richard Dudek, the numerous issues raised in ZURICH's disclaimer letter of February 19, 2001.   BLAKE's coverage counsel documented this conversation in a letter to Mr. Dudek dated March 13, 2001, and again advised ZURICH of the legal basis for its wrongful denial of coverage to BLAKE in the underlying lawsuit. A true and correct copy of this letter from BLAKE's coverage counsel to Mr. Dudek is attached hereto as Exhibit "10".

30.     ZURICH responded to BLAKE's coverage counsel in a letter dated March 14, 2001, wherein Mr. Dudek advises that ZURICH will now finally be hiring coverage counsel to consult on their position and promises to respond to BLAKE's legal analysis of coverage after reviewing further documentation.   A true and correct copy of this letter from Mr. Dudek to BLAKE's coverage counsel is attached hereto as Exhibit "11".

31.     Plaintiff is informed and believes and thereon alleges that in response to BLAKE's attorney and coverage counsels' letters and BLAKE's continuing demand to accept responsibility for its claim, ZURICH, by and through its agents and representatives, continued to misrepresent that there was no coverage available to BLAKE and continued to misrepresent the facts and conclusions of its own limited investigation.

1      32.     Plaintiff is informed and believes that sometime in March 2000, ZURICH first retained

2   and sought the opinions of coverage counsel for the purpose of representing ZURICH in litigation

3   contemplated against BLAKE. Plaintiff is informed and believes that ZURICH knew and understood

4   that there was coverage for BLAKE's loss, and that its continued refusal to provide any form of

5   defense, conditional or otherwise, would expose them to damages and substantial financial detriment.

6      33.     Plaintiff is informed and believes that ZURICH's assignment of coverage analysis to

7   counsel was not done in good faith nor with any intent to change ZURICH's position that had already

8   been asserted.

9      34.     In a letter dated March 20, 2001, BLAKE's coverage counsel acknowledges

10   ZURICH's decision to finally retain coverage counsel to review their position even though ZURICH

11   had a duty to conduct a more complete and thorough investigation of BLAKE's claim prior to their

12   denial of coverage. BLAKE's counsel also advised ZURICH that it could not rely on a late notice

13   defense to deny a claim by its insured.    A true and correct copy of this letter from BLAKE's

14   coverage counsel to Mr. Dudek is attached hereto as Exhibit "12".

15      35.     In a letter dated March 23, 2001, BLAKE's coverage counsel again submitted

16   documentation to ZURICH that verified BLAKE's early notice of claim and reminded ZURICH of

17   its failure to investigate and that "Zurich did nothing with respect to this claim". A true and correct

18   copy of this letter from BLAKE's coverage counsel to Mr. Dudek is attached hereto as Exhibit "13".

19      36.     On or about April 3, 2001, BLAKE's coverage counsel had a telephone conversation

20   with Richard Dudek wherein Mr. Dudek informed counsel that ZURICH was still investigating

21   BLAKE's claim and that ZURICH had all the information it needed to conclude its investigation.

22   This conversation was memorialized in a letter from BLAKE's coverage counsel to Mr. Dudek dated

23   April 4, 2001, which is attached hereto as Exhibit "14".

24      37.     Contrary to Mr. Dudek's representations on April 3, 2001 that ZURICH was still

25   investigating BLAKE's claim, ZURICH had actually made a decision before March 23, 2001 to file

26   a declaratory relief action against its insured.

27   / / /

28   / / /

COMPLAINT                                                    -8-

1      38.    On or about March 23, 2001, ZURICH filed a declaratory relief action against
2  BLAKE in the Superior Court of the District of Columbia, Civil Action No. 01ca002313. ZURICH
3  filed this declaratory relief action in the Washington D.C. Superior Court, despite knowledge that the
4  law of the District of Columbia did not apply to BLAKE's coverage tender and even then, under
5  either forum's law (California or District of Columbia) a duty to defend exists.  However, BLAKE
6  is informed and believes and that the choice in forum was in part because there is no bad faith cause
7  of action that could be alleged in the District of Columbia.

8      39.    Plaintiff is informed and believes that when ZURICH filed its action in the District of
9  Columbia Superior Court, ZURICH knew that the legal and factual basis for its disclaimer of
10  coverage by way of a Declaratory Relief action was both without probable cause and at best
11  premature. Blake will seek dismissal and/or consolidation of that action with this action in the proper
12  venue in the Southern District of California.

13      40.    Plaintiff is informed and believes that when such decision was made to file suit,
14  ZURICH knew that its attempts to eliminate coverage under any of the provisions of the policy that
15  were raised were identical to issues which would necessarily be litigated in the underlying lawsuit.
16  Plaintiff is informed and believes that ZURICH and its counsel knew that such an action was thus
17  premature and could not, if properly defended, result at that time in any judicial determination of the
18  rights and obligations of the parties. Plaintiff is informed and believes that ZURICH knew that in
19  filing and prosecuting this suit, it would require its policyholder to defend itself, to repay ZURICH
20  all fees and expenses incurred as of that date, and to pay any judgment that might be rendered against
21  him. When ZURICH filed such suit, it was done with the intent and hope that BLAKE would simply
22  default on the matter and surrender any attempt to continue to prosecute these actions. Plaintiff is
23  informed and believes that when ZURICH filed such suit, ZURICH knew that the facts and
24  statements contained in the suit were false and fraudulent and were not based on any proper or legal
25  analysis.

26      41.    Plaintiff is also informed and believes that ZURICH understood the exposure to
27  BLAKE in the underlying lawsuit, and thus the exposure to ZURICH, was significant, and that it was
28  the plan and scheme of ZURICH to feign a coverage dispute in order to eliminate liability.

42.     Plaintiff is informed and believes that at the time of the filing and prosecution of the declaratory relief complaint, ZURICH knew that the position it was asserting in said action was incorrect and was inconsistent with a thorough analysis of the facts and the law.

43.     Plaintiff is also informed and believes that ZURICH and its agents and representatives knew their coverage position and legal action against BLAKE was premature as no reasonable investigation had been conducted by ZURICH. Plaintiff is informed and believes that ZURICH's investigation into BLAKE's claim simply consisted of asking BLAKE and its attorneys for documentation in the underlying lawsuit and ZURICH did not interview any experts, obtain any expert opinions, interview any percipient witnesses, attend any depositions, or participate in any discovery regarding the Trustee's allegations in the underlying lawsuit.

44.     Plaintiff is informed and believes that pursuant to the ZURICH policies, there existed an obligation and duty that ZURICH owed to BLAKE as a customer and a policyholder to conduct a thorough investigation, obtain accurate information and perform a comprehensive analysis of the claim submitted and to provide BLAKE with a legitimate coverage position, while acting in good faith and without any form of deceit or dishonesty.

45.     Plaintiff is informed and believes that said ZURICH's conduct with regards to BLAKE's claim was oppressive in that ZURICH has attempted to circumvent its obligations and duties under the ZURICH policies to the detriment of its insured and utilize the financial power of ZURICH against the financial weakness of BLAKE.

46.     Plaintiff is informed and believes that ZURICH has also been advised that there have been recent settlement discussions with all parties in the underlying action and possible settlement discussed. By not participating in BLAKE's defense, ZURICH has exposed BLAKE to a possible judgment in excess of $14,000,000. ZURICH has refused to settle BLAKE's claims in the underlying lawsuit.

### FIRST CAUSE OF ACTION
### (FOR BREACH OF CONTRACT)

### (As against defendant ZURICH)

47.     Plaintiff reasserts and re-alleges paragraphs 1 through 46 hereof, inclusive, and incorporates those paragraphs as though set forth in full at this point.

COMPLAINT                                                      -10-

48.   BLAKE purchased the above-referenced written contracts of insurance from ZURICH.

49.   BLAKE has performed all covenants and conditions on its part to be performed. Alternatively, BLAKE is excused from performing one or more conditions on its part to be performed.

50.   ZURICH breached one or more provisions of the ZURICH policies issued to BLAKE. ZURICH promised to provide a defense to BLAKE, to defend it against claims, to hire necessary investigators, counsel and to incur all expenses and costs reasonably associated with any claim made by a person which potentially could be covered by the subject policies of insurance. ZURICH was contractually obligated to provide such a defense and to provide such services to BLAKE without the imposition of conditions not contained in the subject policy. ZURICH was under an obligation to provide a full and complete conflict-free defense to BLAKE when and if any type of claim was made for bodily injury or property damage. Such obligation was imposed upon ZURICH as an absolute requirement and such obligation was not conditioned on the right or ability of ZURICH to delay such a defense or to delay such contractual obligations. The defense of claims and suits to be provided by ZURICH was to be provided immediately.

51   ZURICH breached its contractual obligations to BLAKE under the ZURICH policies by: (1) failing to conduct a thorough investigation of BLAKE's claim; (2) making misrepresentations to BLAKE regarding its investigation into BLAKE's claim; (3) failing to provide a full and complete defense to claims and suits; (4) continuous and repeated improper denial of coverage or potential liability in the underlying lawsuit from May 1999 until the present; (5) causing its insured to incur further and unnecessary costs in defending an improper and premature declaratory relief action, which was filed in the wrong venue. At all times mentioned herein, ZURICH failed to fulfill such obligations to BLAKE.

52.   By way of anticipatory breach, ZURICH has also breached its promise to indemnify or pay on behalf of BLAKE any settlement offer extended by Plaintiff in the underlying action or, alternatively, by refusing to negotiate with Plaintiff to resolve the underlying litigation or otherwise minimize BLAKE's potential liability in the underlying litigation. Plaintiff is informed and believes

1  that ZURICH is aware that the claim made by BLAKE is substantial and is in fact covered and that

2  demands for defense or indemnity made by BLAKE are reasonable and should have been accepted

3  in order to effectuate the terms and conditions of the ZURICH policies.  ZURICH's refusal to

4  negotiate or settle such claims on behalf of BLAKE effected an anticipatory breach of the express

5  obligation to pay any resulting judgments.

6       53.       As a reasonably foreseeable consequence of ZURICH's breaches as described herein,

7  BLAKE has been forced to retain the service of counsel to assist in the underlying defense and in

8  obtaining policy benefits.

9       54.       Plaintiff is entitled to all damages resulting from the various breaches of ZURICH,

10  including but not limited to, all expenses incurred for attorneys in the defense of the original claims,

11  in the prosecution of this bad faith action, in defense of ZURICH's declaratory relief action, and for

12  all costs and expenses related to the failure of ZURICH to comply with the express terms of the

13  policy, all in an amount subject to proof at the trial of this matter.

14                          **SECOND CAUSE OF ACTION**

15       **(BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)**

16                          **(As against defendant ZURICH)**

17       55      Plaintiff refers to and incorporates by reference paragraphs 1 through 46as though

18  fully set forth herein.

19       56.     ZURICH breached the implied covenant of good faith and fair dealing in its insurance

20  contract with BLAKE by wrongfully and unreasonably denying, delaying or withholding insurance

21  policy benefits due to BLAKE.  In denying and delaying BLAKE's claim for benefits and/or in

22  withholding such benefits from them, ZURICH has acted wrongfully and unreasonably in the

23  following respects, among others:

24            a.       ZURICH failed and/or refused to properly and adequately investigate

25                      BLAKE's claim before denying coverage herein;

26            b.       ZURICH continually made misrepresentations to BLAKE regarding

27                      its investigation into the underlying lawsuit and did not act in good faith in

28                      providing BLAKE with the status of that investigation;

COMPLAINT                                    -12-

1       c.      ZURICH failed to provide a full and complete defense to claims and

2      suits filed against BLAKE in the underlying lawsuit;

3       d.      At all times ZURICH knew that liability for the claims alleged against

4      BLAKE in the underlying lawsuit were substantial and that there was a clear

5      potential for liability, triggering coverage not only for a defense, but also for

6      indemnity. Despite such knowledge, ZURICH took the unreasonable and

7      consistent position that there was no coverage afforded BLAKE under its

8      insurance policies with the intent of forcing BLAKE to compromise its claim.

9       e.      ZURICH has placed its own interests ahead of BLAKE's interests by,

10      among other things, forcing a declaratory relief action in advance of a

11      determination of such issues in the underlying case and causing BLAKE to

12      incur further and unnecessary costs to defend such action in the District of

13      Columbia, despite knowledge that such an action was premature and

14      improper;

15      57.      ZURICH has forced BLAKE to use its own resources to retain counsel to defend its

16 interests both in the underlying litigation and in the declaratory relief action, and continues to force

17 BLAKE to prosecute this action and to defend against ZURICH's clearly erroneous position that

18 there is no coverage for these claims. BLAKE has consequently been forced to retain counsel in

19 order to secure benefits otherwise due under the policy of insurance issued by ZURICH. BLAKE

20 has been forced to give up certain rights and benefits in order to secure counsel all in an amount that

21 will be proven at the time of trial in this matter.

22      58.      At no time did ZURICH place BLAKE's interest on a level equal to ZURICH's. With

23 a conscious awareness of BLAKE's exposure to liability in the underlying lawsuit and increasing legal

24 fees, ZURICH instead filed and is prosecuting a lawsuit against BLAKE, refused to pay for any

25 defense counsel to advise BLAKE in the underlying lawsuit, attempted to force BLAKE to give up

26 any right to seek reimbursements or damages for the breaches of ZURICH, and continually and

27 repeatedly misled not only BLAKE, but its counsel.

28 ///

59.     Plaintiff is informed and believes and thereon alleges that at all times, ZURICH knew or should have known that it was obliged to provide BLAKE with a defense in the underlying lawsuit. Aware of this obligation, ZURICH intentionally and purposefully refused to provide such defense. Plaintiff is informed and believes that had ZURICH accepted BLAKE's tender of defense in the underlying action, BLAKE would not have found it necessary to file this action. In addition, the facts of the underlying lawsuit and the status of said action to date clearly establish a potential for liability as to BLAKE and the severity of the damages being sought are such that resolution of the claim prior to suit would have occurred without the need or expense associated with this bad faith action. Thereafter, all of the expense and time associated with the defense of that suit, the filing of all cross-complaints, and the filing and prosecution of this action and all related actions, is the direct and legal responsibility of ZURICH.

60.     Such conduct by ZURICH was and is despicable. Such conduct is fraudulent. Such conduct is oppressive and malicious. Such conduct clearly and convincingly justifies punitive and exemplary damages to ensure that such conduct is never allowed or condoned.

61     Plaintiff is informed and believes and thereon alleges that ZURICH intends to and will continue to deny and withhold, unreasonably and in bad faith, benefits due BLAKE unless and until compelled to pay such benefits by a final judgment of this court. All of ZURICH's conduct as described in this Complaint has subjected BLAKE to cruel and unjust hardship in conscious disregard of BLAKE's rights. ZURICH's conduct has occurred with the intent to deprive BLAKE of legal rights BLAKE has under the ZURICH policies or otherwise.

62.     As a direct and legal result of ZURICH's conduct, BLAKE sustained substantial losses including benefits withheld and economic losses such as attorney's fees and otherwise in amounts not fully ascertained but according to proof at the time of trial.

63.     ZURICH has acted fraudulently, oppressively, maliciously and outrageously towards BLAKE, and with a conscious disregard for BLAKE's known rights with the intention of causing, or willfully disregarding the probability of causing, unjust and cruel hardship to BLAKE, all to BLAKE's damage herein.

/ / /

COMPLAINT                                           −14−

1      WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

2 On the First Cause of Action:

3     1.    For damages according to proof, including but not limited to, attorney's fees and costs

4 in securing benefits due under the policy of insurance issued by ZURICH.

5     2.    For a declaration that ZURICH has waived, or is estopped from asserting, any policy

6 provisions which eliminate or diminish the potential coverage available to BLAKE in the underlying

7 lawsuit;

8     3.    For a declaration of the rights and duties of the parties under the terms and conditions

9 of the subject policies of insurance;

10     4.    For whatever other equitable relief the Court deems appropriate.

11 On the Second Cause of Action:

12     1.    For economic and non-economic damages according to proof, including but not

13 limited to, punitive damages to punish ZURICH for its wrongdoing as described herein and according

14 to proof.

15 On All Causes of Action:

16     1.    For costs of suit herein; and

17     2.    For such other and further relief as this Court deems just and proper.

18

19 Dated: April 13, 2001        POPOV & McCULLOGH, LLP

20                                   By:

21                                   R. PATRICK McCULLOGH

22                                   WILLIAM D. WHEELOCK
                                  JOYCE R. DONDANVILLE

23                                   Attorneys for Plaintiff BLAKE CONSTRUCTION CO., INC.

24

25

26

27

28

COMPLAINT           -15-

## *POPOV & McCULLOGH* LLP

| | |
|---|---|
| ATTORNEYS AT LAW | 4180 La Jolla Village Drive, Suite 315 |
| | La Jolla, California 92037 |
| | Telephone: (619) 457-2900 |
| | Facsimile:  (619) 457-2950 |

May 3, 1999

Larry Collins
Director of Construction Claims
Zurich American Insurance
1400 American Lane, 8th Floor
Schaumburg, IL 60196

Joanne Smith, Vice President
Allied Coverage Corporation
390 North Broadway
Jericho, NY 11753

RE:   Your Insured::          Blake Construction Co., Inc.
      General Liability Policy No.: GLO83217702
      Claimant:               San Diego State University

Dear Mr. Collins and Ms. Smith:

Enclosed please find a copy of a lawsuit filed against our client, your insured, Blake Construction Co., Inc., by Plaintiff, Trustees of the California State University in the Superior Court for the County of San Diego, case number 729618. By stipulation with Plaintiff's attorney, this case has not yet been served on the parties, but a courtesy copy has been provided to us on behalf of Blake. We have undertaken to put on notice both the subcontractors named in the lawsuit, as well as their carriers. Attached hereto is a memo of those affected subcontractors and our current knowledge as to the policies provided at the time of construction. We have also asked that Blake provide us with the names of all prior carriers who might be on the risk. The notice of completion on this job was filed on December 28, 1992.

It is my understanding that Blake has a significant self-insured portion of any liability and has directed this firm to protect its interests at this point in the proceeding. We are in the process of arranging for a destructive testing by independent experts engaged by the subcontractors, to either verify or disprove the University's theories of liability. While Blake is not tendering its defense at this time, Blake reserves its right under its policy to do so in the future. So as not to prejudice any insurance coverage, we will be happy to cooperate and inform you fully of all developments. If you need further information, please feel free to contact the undersigned at any time.

Larry Collins
Joanne Smith
May 3, 1999
Page 2

Please consider this letter as formal notification of a potential claim.

Very truly yours,

R. PATRICK McCULLOGH

RPM:slp
Enclosures
cc:     William C. Gribble
        James R. Gillie
F:\CLTDATA\BLAKE\SDSUResHall\zurich\allied.ltr

CLAIMS CUSTOMER
SERVICE CENTER

# ZURICH-AMERICAN
## INSURANCE GROUP

June 1, 1999

R. Patrick McCullogh
Popov & McCullogh
Attorneys at Law
4180 La Jolla Village Drive, Suite 315
La Jolla, Ca. 92037

RE:   Trustees Of The Calif. State University v Blake Construction Co. et al
       Claim #:        9080021995
       Insured:       Blake Construction Co., Inc.
       Policy #:       GLO 8321777
       Eff. Date:      9/1/96-97
       Date of Loss: 9/2/96(file set up only)
       Case #:        729618

Dear Mr. McCullogh:

Please be advised that Zurich Insurance Company is in receipt of your 5/3/99 correspondence putting Zurich on notice of the aforementioned matter. This letter will also confirm our telephone conversation wherein you indicated that Blake Construction Co. is not tendering its defense to Zurich at this time. As previously indicated, the insured carries a $500,000 liability/property damage deductible in the aforementioned policy of insurance. You will notify the undersigned should there be any indication that the loss will exceed the insured's deductible.

The aforementioned lawsuit is Zurich Insurance Company's(ZIC) first notice of the loss, and therefore, ZIC has been unable to conduct a reasonable investigation concerning the facts giving rise to this litigation in order to make a determination as to whether there is any obligation on the part of ZIC to provide coverage to Blake Construction Co. against the claims, demands and causes of action alleged by the plaintiff.

Since the claim maybe within the insured deductible, we have not obtained investigation to determine whether coverage will be provided the insured should

ZURICH-AMERICAN INSURANCE GROUP
P.O. BOX 92566, LOS ANGELES, CALIFORNIA 90009-2566
PHONE: (818) 227-1700, (800) 338-3160  CLAIMS FAX.  (818) 702-6179

ZURICH INSURANCE COMPANY, AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY,
ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS, AMERICAN ZURICH INSURANCE COMPANY,
ZURICH AMERICAN LLOYDS

the claim be tendered to us at a later date. ZIC is reserving all of its rights, including but not limited to the right to deny coverage, the right to obtain a subsequent judical determination relative to the scope of coverage provided in this matter and the right to seek reimbursement of defense and/or settlement costs, if any, as warranted. This reservation does not constitute a waiver of our right to assert policy language and/or decisional law as a preclusion to coverage once investigation/discovery allows.

Zurich Insurance Company insured Blake Construction Company under policies that were in effect from 9/1/96-99. The policies contained the Commercial General Liability Coverage form(CG 00 01 01-96). Please refer to this form, it reads in pertinent part:

## COVERAGE A.  BODILY INJURY AND PROPERTY DAMAGE LIABILITY

   1.    **Insuring Agreement**

         a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS—COVERAGES A AND B.  This insurance applies only to "bodily injury" or "property damage" which occurs during the policy period.  The "bodily injury" or "property damage" must be caused by an "occurrence."  The "occurrence" must take place in the "coverage territory."  We will have the right and duty to defend any "suit" seeking those damages.  But:

               (1)    The amount we will pay for damages is limited as described in SECTION III—LIMITS OF INSURANCE;

               (2)    We will investigate and settle any claim or "suit" at our discretion; and

2

      (3)     Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage A or B or medical expenses under Coverage C.

    b.    Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury."

    c.    "Property damage" that is loss of use of tangible property that is not physically injured shall be deemed to occur at the time of the "occurrence" that caused it.

Property damage is defined in the form as:

    "Property damage" means:

    a.    Physical injury to tangible property, including all resulting loss of use of that property; or

    b.  Loss of use of tangible property that is not physically injured.

This form also contains the following exclusions which may be pertinent to this matter:

**Exclusions**

    This insurance does not apply to:

                 *     *     *

    k.    "Property damage" to "your product" arising out of it or any part of it.

3

l.     "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

m.    "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

    (1)    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work;" or

    (2)    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

n.    Damages claimed for any loss, cost or expense incurred by you or others for the loss or use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

    (1)    "Your product;"

    (2)    "Your work;" or

    (3)    "Impaired property;"

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

4

Exclusions c. through n. do not apply to damage by fire to premises
rented to you.  A separate limit of insurance applies to this
coverage as described in SECTION III—LIMITS OF INSURANCE.

The allegations in the complaint are related to the work done by Blake
Construction Co. The policy will not cover any cost associated with repairing,
replacing or other cost associated with correcting the work product of Blake
Construction Co.  There is potential coverage for any damages that resulted from
the insured's work or work product.  Hopefully, the issue of what damages are
being claimed will be clarified soon.

If you have any questions in regards to this matter, please feel free to contact the
undersigned to discuss them.  Thank you for your time and attention to this
matter.

Very truly yours,

Bruce A. Freedline
Litigation Specialist
(818) 227-1748


cc
Allied Coverage Corp.

Larry Collins

Mary Anne Collins

5

# POPOV & McCULLOGH, LLP

—————————————— ATTORNEYS AT LAW ——————————————

Regents Park Financial Centre
4180 La Jolla Village Drive, Suite 450
La Jolla, California 92037

Tel: (858) 457-2900
Fax: (858) 457-2950

November 20, 2000

Allied Coverage Corporation
390 N. Broadway
Jericho, NY 11753-2110

David Twilling
Zurich American Insurance Group
6302 Fairview Rd., Ste. 300
Charlotte, NC 28210

Re:     Insurance Company:  Zurich American Insurance Group
        Policy No.:         GLO8321777-03
        Insured:            Blake Construction Co., Inc.
        Trustees of the California State University v. Blake Construction Co., Inc., et al.
        SDSC Case No.: 729618

Dear Insurance Carrier:

It has recently come to our attention that Zurich American Insurance Company issued the commercial general liability insurance policy to our client, Blake Construction Co., Inc., as of 1996. As such, Zurich American Insurance Group is partially responsible for insurance coverage on the continuing coverage claim that constitutes the lawsuit referenced above. The civil action entitled Trustees of the California State University v. Blake Construction Co., Inc. et al., San Diego Superior Court Case No. 729618, concerns a construction project commonly known as the San Diego State University Residence Hall, in San Diego, California, for which Blake Construction was the general contractor on the project. The Trustees claim has been ongoing since 1992, when Blake Construction was insured by Travelers Insurance Company. Accordingly, Zurich American Insurance Group shares liability with Travelers for this claim based on the time-on-risk for the policy.

Please be advised that Blake Construction was served with First Amended Complaint in this action on June 10, 1999. Enclosed is a copy of the First Amended Complaint for your review. This letter will serve as notice of Blake Construction Co., Inc.'s claim for indemnity and/or tender of defense to Zurich American Insurance Group for this litigation as the insured on the general liability policy referenced above. Please also be advised that we are currently conducting mediations with

POPOV & McCULLOGH, LLP
———— ATTORNEYS AT LAW ————

Allied Coverage Corporation
Zurich American Insurance Group
November 20, 2000
Page 2

all parties in the case, with the next mediation scheduled on or about December 15, 2000. We will keep you apprized of the outcome of these mediations. In the interim, please feel free to contact me if you have any questions or concerns. We look forward to receiving your prompt response to our client's tender of defense.

Very truly yours,

R. PATRICK McCULLOGH

JRD:ldp

Enclosures
cc:    William C. Gribble
       James R. Gillie

EXHIBIT 4



**ZURICH**

December 7, 2000

Mr. Dan Kolakoski
Blake Construction
1120 Connecticut Ave. NW
Washington, DC 20036

                    RE:        Insured:       Blake Construction
                               Claimant:      Trustees of the California State University
                               Claim No.:     908-23729

Dear Mr. Kolakoski:

Zurich U.S.
Environmental Claims

1400 American Lane
Schaumburg, Illinois
60196-1056

Mailing Address P. O. Box 4032
Schaumburg, IL
60168-4032

Telephone (847) 605-6155
Fax (847) 605-7811
www.zurichus.com

This correspondence will serve to acknowledge receipt of information with respect to the above claim which constitutes our company's first notice of the above-referenced claim. I have not received a copy of any pleadings at this time and am uncertain if a suit has been filed against Blake Construction. I called you today, on 12/7/00 to discuss this claim, but you were out of the office. Please call me to discuss this claim and provide me with copies of any information you have with respect to this claim, including copies of any pleadings.

Please be advised that we are reviewing this claim and will advise you of our coverage and/or liability evaluation as soon as possible. I am the individual who will be handling this claim, and I can be contacted at (847)605-6994. Please send any further correspondence or inquiries relative to this claim to my attention.

Due to the limited information we have received to date relative to this claim, our company must generally reserve its rights under any insurance policy(ies) issued by it to the insured. Nothing contained herein, and no actions on the part of the company in investigating this claim, should be construed as an admission of coverage or as a waiver of any right or defense which may be available to our company under said policy(ies).

If you have any questions relative to this matter, please do not hesitate to call.

Very truly yours,

Richard A. Dudek
Account Specialist
(847)605-6994



# Blake Construction Co., Inc.

1120 Connecticut Avenue, NW, Washington, DC 20036-3998    202/828-9000    Fax 202/728-2981

## FAX COVER SHEET FOR PROJECT MANAGEMENT DEPT.          (202-296-6294)

DATE: _12-11-00_

COMPANY: Popov, McCullogh & Cohan

FAX NUMBER: 1-858-457-2950

ATTENTION: Pat McCullogh

FROM: Bill Gribble / Cheryl Watson

Number of page(s) including cover sheet: _2_

Comment: _____

_____

_____

_____

_____

_____

_____

_____

_____



**ZURICH**

January 4, 2001

Patrick McCullogh
Popov and McCullogh
4180 La Jolla Village Drive
La Jolla, CA 92037

RE:     Insured:     Blake Construction
        Claimant:    Trustees of the California State University
        Claim No.:   908-23729

Dear Mr. McCullogh:

Zurich U.S.
Environmental Claims

1400 American Lane
Schaumburg, Illinois
60196-1056

Mailing Address P.O. Box 4012
Schaumburg, IL
60168-4012

Telephone (847) 605-6155
Fax (847) 605-7811
www.zurichus.com

I spoke to Dan Kolakowski of Blake Construction and was advised that I need to obtain any and all information with respect to this matter from you.

As such, Zurich American Insurance is currently investigating the above claim. Once our investigation is complete, we will advise of our coverage position with respect to this matter. We hope to obtain the requested information and conclude our investigation within the next 30 days and will notify Blake Construction of our coverage position once our investigation is concluded.

We request that you provide Zurich American Insurance with any information that you have with respect to this project. This information would include, but is not limited to the following:

1.  A copy of all of the pertinent pleadings in this matter, including any amended pleadings naming our insured as a party as well as any Case Management Order;
2.  A complete description of the project including its location and size.
3.  Notice of Completion of Escrow dates for the properties involved in this action.
4.  A complete description of our insured's involvement in the above projects including what work, if any, was completed by Blake Construction.
5.  Any contracts, sub-contracts, invoices or other evidence of our insured's work on the project.
6.  A current defect list and cost of repair.
7.  A listing of other insurance, primary and excess, who have insured Blake Construction as well as the dates of coverage.

8. The name and address of a contact at Blake Construction who is familiar with the above matter.

If you are unable to gather this information, or if the information is kept by other persons, please advise immediately. Any delay in providing the above information may prolong our investigation and coverage determination of this matter.

Due to the limited information we have received to date relative to this claim, our company must generally reserve its rights under any insurance policy(ies) issued by it to the insured. Nothing contained herein, and no actions on the part of the company in investigating this claim, should be construed as an admission of coverage or as a waiver of any right or defense which may be available to our company under said policy(ies).

If you have any questions relative to this matter, please do not hesitate to call. I look forward to hearing from you soon.

Very truly yours,

Richard A. Dudek
Account Specialist
Zurich American Insurance
(847)605-6994


CC:   Mr. Dan Kolakoski
      Blake Construction
      1120 Connecticut Ave. NW
      Washington, DC 20036

EXHIBIT 6

# POPOV & MCCULLOGH, LLP

——————— ATTORNEYS AT LAW ———————

Regents Park Financial Centre
4180 La Jolla Village Drive, Suite 450
La Jolla, California 92037

Tel: (858) 457-2900
Fax: (858) 457-2950

January 15, 2001

Via UPS Overnight Mail

Richard A. Dudek
Account Specialist
Zurich American Insurance
P.O. Box 4032
Schaumburg, IL 60168-4032

      Re:    Insured:      Blake Construction Co., Inc.
               Claimant:    Trustees of the California State University
               Claim No.:  908-23729

Dear Mr. Dudek:

This letter will respond to your request for further information regarding the case Trustees of the California State University v. Blake Construction.  The enclosed package of documents includes copies of pertinent pleadings and the case management order.  The contract between the Trustees and Blake as general contractor is also enclosed, as is a defect list and cost of repair.

Blake, prior to its first policy with Zurich was, at the time of this construction starting in 1991 and continuing through the first Zurich policy, insured by Aetna now Travelers.  The Residence Hall at issue is an eleven-story, three-wing dormitory building, constructed primarily of concrete on property owned by the University.  All interior hallways, floors, ceilings and walls are tunnel-formed concrete, which was self-performed by Blake.  There is no allegation of any fault or defect in the structural portion of the building.  However, the window walls, built according to the original plans and specifications, were light gauge steel framing with an exterior lathe and plaster finish.  Each student room has a horizontal sliding window made by Kawneer corporation, as specified by the architect.

Before the building was completed in 1992, students moved in, subject to punch list work because weather had delayed completion.  Students living in the dormitory rooms reported leaks in their windows and an investigation determined that Kawneer had not supplied the correct rating on the windows installed in the building.  Kawneer at that time proposed to make remedial repairs to raise the sill dam height.  Both the architect and the original inspector of record were involved in the proposed fix and the architect stated that he would approve it, but felt that the University should keep a close watch on subsequent leaks.

POPOV & McCULLOGH, LLP
———— ATTORNEYS AT LAW ————

Richard A. Dudek
January 15, 2001
Page 2

In 1995, although the warranty had expired, the University asked for Blake's help in addressing what they considered to be further window leaks. Blake contacted its window installer, Tower Glass, who in turn contacted Kawneer and a second round of remedial efforts were undertaken.

The lawsuit in this case was filed April 5, 1999 and amended prior to service on June 10, 1999. Defendants in this lawsuit included, in addition to Blake Construction Inc., Blake's subcontractors, Standard Drywall (who did the steel framing and plaster scope of work), Tower Glass (who supplied and installed the windows as a subcontractor to Blake), Plastering Specialties, Inc. (who was a sub-subcontractor to Standard Drywall and who actually did the lathe and plaster installation) and Kawneer Corporation, the manufacturer and supplier of the windows. The complaint also named the architect, as well as Travelers Casualty Insurance and Surety Insurance Companies as Blake's performance bond surety. This firm answered on behalf of Blake and Travelers on July 16, 1999.

Since then, destructive testing and other discovery has pointed out the following facts. Initially the windows were being installed with a flashing known as casing bead around the perimeters of the windows. The architect had not designed such a feature at the window perimeter. Either for aesthetics or, as Blake believes, to avoid the extra cost of caulking the joint between the stucco and the window, the architect ordered, in writing, that casing bead not be used, in spite of his earlier approval of the use at Kawneer's request. It is the defense contention that those windows which had initially been installed with casing bead do not leak to this day, according to window testing done during discovery, and that the failure to allow its use in order to save $11,000.00 in caulking cost is the major contributor to the penetration of water into the interior of these walls. Another mechanism which promotes water leakage is the detail specified in the plans and specifications for an expansion joint at each floor level. This expansion joint was firmly affixed to the concrete slab at each floor level and behind the plaster. Whether water leaks through the window perimeter detail or though other cracks, it is designed to be carried down by the building paper which forms the back of the stucco/lathe assembly, until it can drain at the bottom of the building. The firmly affixed expansion joint at each slab creates a dam, which permits water to backup in the paper and to rise until it spills over into the wall. These expansion joints were put in according to the plans and inspected by the Universities' inspector, down to the number of fasteners. Nonetheless, the University contends that by allowing this condition to exist, the plastering contractor and by extension the general contractor did not follow good building practice and should have refused to follow the plans. Blake is of the opinion that this is strictly a design issue and that water penetrates at each of the student windows and is unable to exit before hitting the dammed areas and backing up into the rooms.

There have been minor allegations of plumbing and roof problems, none of which have been proven or extensively discussed in destructive testing, as the issue is approximately a $60,000.00 issue in a $14,000,000.00 claim.

POPOV & McCULLOGH, LLP
——————— ATTORNEYS AT LAW ———————

Richard A. Dudek
January 15, 2001
Page 3

Blake's liability is generally contractual as the general contractor, responsible for all subcontractors' work. In turn, Blake has additionally named insured certificates from both Tower Glass (who is an insured of Travelers) and Standard Drywall (who is an insured of Reliance Insurance Company). Blake also has performance bonds from each of these contractors which have been implicated in Blake's cross-complaint. The actual allegedly defective components are the lathe and plaster installed by Plastering Specialties (a subcontractor to Standard Drywall) and the windows and window frames manufactured and supplied by Kawneer.

In addition to extensive deposition discovery, there have been technical exchanges of expert information between the sides and a mediation is now scheduled on February 1 and 2, 2001. Defense's estimate of cost of repair is slightly in excess of $4,000,000.00, in comparison to the Plaintiff's claimed damages of $14,000,000.00. A large component of the difference is in the amount of mold sampling during the course of construction and thereafter.

At this mediation, Blake is hopeful of a settlement in the rough amount of $5,000,000.00 and believes that if it successfully argues for the contractual indemnity and additionally named insured status, it would not contribute more than $500,000.00 to the settlement. Blake is currently awaiting Travelers Insurance position, both from its bond surety status and general liability coverage as well as any indication it may receive from Zurich American as to its time on the risk. Blake will attempt to structure a settlement subject to the approval of its carriers. As to your request of Blake personnel familiar with this matter, I would refer you to Mr. Bill Gribble in Blake's Washington office (the same office Dan Kolakoski works from) who is generally overseeing this litigation. He will be the one to put you in touch with past employees of Blake who are most knowledgeable about this job. Blake's San Diego office is, to all intents and purposes, closed as it is just finishing out its last job and so most employees who are familiar with this project are no longer employed.

I understand the immediate need for information on your part in order to evaluate this case. Should you have any questions or need any further information, please feel free to contact me at your earliest convenience. I would also ask whether Zurich would like to be represented at the mediation which is to be held in San Diego on February 1 and 2, 2001. Blake will be represented by Mr. Bill Gribble at that time.

Very truly yours,

R. Patrick McCullogh

RPM:ldp

Enclosures
cc:   William C. Gribble



**ZURICH**

February 19, 2001

Mr. Dan Kolakoski
Blake Construction
1120 Connecticut Ave. NW
Washington, DC 20036

> RE:    Insured:      Blake Construction
>        Claimant:    Trustees of the California State
>                     University
>        Suit:        *Trustees of the California State*
>                     *University v. Blake Construction Co., et*
>                     *al.,* (San Diego County, CA, Case No.
>                     729618)
>        Claim No.:   908-23729

Zurich U.S.

Environmental Claims

1400 American Lane
Schaumburg, Illinois
60196-1056

Mailing Address P.O. Box 4032
Schaumburg, IL
60168-4032

Telephone (847) 605-6155
Fax (847) 605-7811
www.zurichus.com

Dear Mr. Kolakoski:

The following will provide you with Zurich American Insurance Company
("Zurich")'s coverage position regarding the above referenced matter.

The Trustees of the State of California ("Trustees") are the owners of the
Chapultepec residence Hall which is an eleven story residence hall facility
located on the San Diego State University Campus, 5400 Remington Road,
San Diego, California. The Trustees entered into a contract with Blake
Construction on March 18, 1991 to construct the residence Hall. Before the
project was completed in 1992, the students moved into the residence hall.

The complaint alleges that the Trustees discovered water intrusion in 1992
and 1993. On March 30, 1993, the Trustees discovered that the water
intrusion arose not only from window defects but also from lath and plaster
installation. The plaintiffs allege that the excessive levels of moisture in the
hall caused the growth of mold. Zurich was first notified of this matter on
December 6, 2000. The original complaint was filed on April 5, 1999. Blake
Construction was served with the first Amended Complaint on June 10, 1999.

The complaint contains five causes of actions against Blake Construction: (1)
Negligence; (2) Breach of Express Warranty; (3) Breach of Implied Warranty;
(4) Breach of Contract; and (5) Fraudulent Concealment.

Blake Construction was insured under the following Commercial General
Liability policy issued by Zurich:

| Policy Number | Policy Period | Limits |
|---|---|---|
| GLO 8321777-00 | 9/01/96-9/01/97 | $2M Each Occurrence |
| | | $2M Prod/Compl. Ops. Ag. |
| | | $4M Gen. Ag. |
| | | $500,000 Per. Occ. Deductible |
| GLO 8321777-01 | 9/1/97-9/1/98 | Same |
| GLO 8321777-02 | 9/1/98-9/1/99 | $2M Each Occurrence |
| | | $4M Prod. Compl. Ops. Ag. |
| | | $4M Gen. Agg. |
| | | $500,000 Per. Occ. Deductible |
| GLO 8321777-03 | 9/1/99-9/1/00 | $2M Each Occurrence |
| | | $4M Prod. Compl. Ops. Ag. |
| | | $4M Gen. Agg. |
| | | $500,000 Per. Occ. Deductible |

Zurich disclaims any obligation to defend or indemnify Blake Construction relative to the above captioned lawsuit based on the following:

    1.  Insuring Agreement

        a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

        b.  This insurance applies to "bodily injury" and "property damage" only if:

           (1)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

           (2)  The "bodily injury" or "property damage" occurs during the policy period.

The operative terms "bodily injury", "property damage" and "occurrence" are defined as follows:

    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

"property damage" means:

    a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

"Occurrence" means an accident including continuous or repeated exposure to substantially the same general harmful conditions.

In order for coverage to apply, the "bodily injury" and "property damage" must have taken place within the policy periods as set forth above. The complaint states that the Chapultepec Residence Hall experienced severe water intrusion through the windows in late 1992 and early 1993. In March 30, 1993, Blake discovered that the window defects were not the sole cause of the water intrusion but that the lath and plaster defects were also a cause of the water intrusion. Since the work was completed in 1992, and the property damage arose in 1992 and 1993 there was not an "occurrence" resulting in "bodily injury" and "property damage" during the relevant policy periods ·

The complaint alleges that Blake Construction breached the contract and breached express and implied warranties with the Trustees. Based on the allegations in the complaint, the breach of contract, breach of express and implied warranties was not an "occurrence" resulting in "bodily injury" and "property damage" within the effective dates of the Zurich policies. As described above, Zurich must disclaim any obligation to defend or indemnify Blake Construction in this regard based on the above policies.

The complaint alleges that Blake Construction concealed the lath and plaster defects from the Trustees with the intent to defraud the trustees. Based on the allegations in the complaint, the fraudulent concealment was not an "occurrence" resulting in "bodily injury" and "property damage" within the effective dates of the Zurich policies. Zurich must disclaim any obligation to defend or indemnify Blake Construction in this regard based on the above policies.

Policies GLO 832177-02 and GLO 832177-03 contain the following exclusion. Zurich further disclaims any obligation to defend or indemnify Blake Construction relative to the above captioned lawsuit, based on the following:

## TOTAL POLLUTION EXCLUSION ENDORSEMENT

This insurance does not apply to:

f. **Pollution**

    (1) "Bodily injury" or "property damage" which would not have occurred in whole or in part but for the actual, alleged, threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

    (2) Any loss, cost or expense arising out of any:

        (a) request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any respond to, or assess the effects of "pollutants"; or

        (b) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

Policies GLO 832177-00 and GLO 832177-00 also contain the following exclusion. Zurich further disclaims any obligation to indemnify or defend Blake Construction relative to the above captioned lawsuit based on the following:

This insurance does not apply to:

I.    Any injury or damage which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time. "Pollutants means any solid liquid, gaseous or thermal irritant or contaminant including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

However, this exclusion does not apply to any injury or damage arising out of heat, smoke, or fumes from a "hostile fire" which occurs during the policy period:

    a.  at or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured, provided that such premises, site or location is not or was not used for the handling, storage, disposal, processing or treatment of waste; or

    b.  at or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any

insiders behalf are performing operations, if the "pollutants" are brought on or to the premises, site or locations in connection with such operations by such insured, contractor or subcontractor, provided that:

(1)   such premises, site or location is not or was not used for the handling, storage, disposal, processing or treatment of waste, or

(2)   such operations are not to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize or in any way respond to or assess the effects of pollutants.

As used above, "hostile fire" means a fire which becomes uncontrollable or breaks out from where it was intended to be.

2.   Any loss, cost or expense arising out of any:

a.   request, demand, or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants" or

b.   claim or suit or on behalf of a governmental authority for damage because of testing for monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of "pollutants."

Because mold is an irritant and/or contaminant, the above exclusion precludes coverage for all injury or damage arising from the actual or threatened discharge, dispersal, seepage, migration, escape or release of mold in the premises, as well as all loss, cost or expense arising out of the plaintiff's demand to clean up remove or otherwise respond to the mold.

Zurich further disclaims any obligation to defense or indemnify Blake Construction relative to the above captioned lawsuit based on the following:

## a. Expected or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use or reasonable force to protect persons or property.

## b. Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2) Assumed in contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damages", provided:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

l.  **Damage to Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on behalf by a subcontractor.

m.  **Damage to Impaired Property or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" and "your work" after it has been put to its intended use.

n.  **Recall or Products, Work or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1) "Your product";
(2) "Your work"; or
(3) "Impaired property";

if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

Certain relevant terms are defined in the Zurich policies as follows:

"Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient,  inadequate or dangerous; or

b. You have failed to fulfill the terms of a contract or agreement;

If such property can be restored to use by:

a.      The repair, replacement, adjustment or removal of "your product" or "your work"; or

b.      Your fulfilling the terms of the contract or agreement.

"Your product" means:

a.      Any goods or products other than real property manufactured, sold, handled, distributed or disposed of by:

(1)     You;
(2)     Others trading under your name; or
(3)     A person or organization whose business or assets you have acquired; and

b.      Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

"Your product" includes:

a.  Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

b.  The providing of or failure to provide warnings or instructions.

"Your product" does not include vending machines or other property rented to or located for the use of others but not sold.

"Your work" means:

a.  Work or operations performed by you or on your behalf; and

b.  Materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

a.  Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work;" and

b.  The providing of or failure to provide warnings or instructions.

Damages claimed for any loss, cost or expense incurred by you or others for loss of use, withdrawal, recall, inspection, repair or replacement of "your product" are excluded under exclusion "n."

Zurich also reserves all of its rights under the terms of the policy languages including, but not limited to the following:

2.  Duties in the Event of Occurrence, Offense, Claim or Suit

a.  You must see to it that we are notified as soon as practicable of an "occurrence" or an offence which may result in a claim.  To the extent possible, notice should include:

(1) How, when and where the "occurrence" or offense took place;
(2) The names and addresses of any injured persons and witnesses; and
(3) The nature and location of any injury or damage arising out of the "occurrence" or "offense".

b.  If a claim is made or "suit" is brought against any insured, you must:

        (1) Immediately record the specifics of the claim or "suit" and the date received; and

        (2) Notify us as soon as practicable.
        You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

    c.   You and any other involved insured must:

        (1) Immediately send us copies of any demands, notices, summons or legal papers received in connection with the claim or "suit";

        (2) Authorize us to obtain records an other information;

        (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

        (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

    d.   No Insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

    e.   If you report an "occurrence" offense, claim or suit to another insurer and later discover that you should have reported the "occurrence" offense, claim or suit to us, we will not consider your failure to report the "occurrence", offense, claim or suit earlier a violation of you Duties in the Event of Occurrence, Offense, Claim or Suit as long as you give us notice as soon as you are aware that the "occurrence", offense, claim or suit should have been reported to us.

Zurich further reserves all of its rights under the terms of the policy languages including, but not limited to the following:

### j. Damage to Property

"Property damage" to:

(1) Property you own, rent, or occupy;

(2) Premises you sell, give away or abandon. If the "property damage" arises out of any part of those premises;

(3) Property loaned to you;

(4) Personal property in the care, custody or control of the insured;

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing

operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs (3), (4), (5), and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products completed operations hazard"

k. **Damage to Your Product**

"Property damage" to "your product" arising out of it or any part of it.

Zurich reserves all of their rights and defenses available to it by way of definitions, limitations of liability, changes in law, or exclusions contained in this policy. We reserve our right to assert additional rights or defenses if additional information becomes known pertaining to this claim. Any action taken by Zurich in investigating this claim shall not be construed as an admission of liability or coverage under any Zurich policy. Zurich reserves its right to supplement this letter in the event that additional information becomes known.

Should you have any questions regarding this matter, feel free to contact the undersigned.

Very truly yours,

Richard A. Dudek
Account Specialist
Zurich American Insurance Company
(847)605-6994

CC:   Patrick McCullogh
      Popov and McCullogh
      4180 La Jolla Village Drive
      La Jolla, CA 92037

EXHIBIT 8

# POPOV & McCULLOGH, LLP

————————— ATTORNEYS AT LAW —————————

Regents Park Financial Centre
4180 La Jolla Village Drive, Suite 450
La Jolla, California 92037

Tel: ~~~~

March 8, 2001

Richard A. Dudek
Account Specialist
Zurich American Insurance
P.O. Box 4032
Schaumburg, IL 60168-4032

Re:   Trustees of the California State University v. Blake Construction
SDSC Case No. 729618
Insured:      Blake Construction Co., Inc.
Claimant:    Trustees of the California State University
Claim No.:   908-23729

Dear Mr. Dudek:

I am in receipt of your letter dated February 19, 2001, wherein you provided us with Zurich America Insurance Company's denial of coverage of our client, Blake Construction Co. Inc., in the above-referenced matter. However, we completely disagree with your analysis of this case and the coverage issues involved.

As you know, the litigation filed by the Trustees is for a continuing coverage claim that has been ongoing since 1992. The key term in that statement is the word "ongoing", since Zurich issued a commercial liability insurance policy to Blake in 1996. As such, Zurich shares liability with Blake's other general liability carrier based on the time on risk for each policy.

As I am sure you are aware, under Montrose Chemical Corp of CA v. Admiral Insurance Co. (1995) 10 Cal.4th 654, the duty to defend an insured arises when there is a potential for indemnity. It may exist even when coverage is in doubt and ultimately is not established. In the Montrose case, the court analyzed and applied the continuous trigger of coverage for standard occurrence-based comprehensive general liability policies. Under this trigger of coverage theory, bodily injuries and "property damage" that are continuous or progressively deteriorating throughout successive policy periods are covered by all policies in effect during those periods. Id at 8791. The court also pointed out, that whether the damages or injuries alleged were in fact "continuous" is itself a matter of fact for final determination by the trier of fact. It concluded that the duty to defend exists regardless of potentially meritorious defenses [the insured] claims. Id at 8797. Furthermore, as stated in

POPOV & McCULLOGH, LLP
──── ATTORNEYS AT LAW ────

Richard A. Dudek
Zurich Insurance Company
March 8, 2001
Page 2

<u>Montrose</u>, "progressive property damage should be deemed to occur over the entire process of the continuing injury, with a CGL carrier liable at any point in the process for the entire loss up to the policy limits, even though the continuous or progressively deteriorating damage extends over successive policy periods." <u>Id</u> at 8798.

Accordingly, under current California decisional law, your first basis for the denial of coverage to Blake Construction Co., Inc. in this case as stated in your letter is improper. A continuous trigger of coverage for the standard occurrence based on the comprehensive general liability policy issued by Zurich should be applied. Since this action involves a continuous or progressively deteriorating property damage claim, with successive CGL policy period implicated, there is a duty to defend by each and every insurer. Please be reminded that Zurich issued a CGL policy to Blake in September 1996 through September 2000 and as this property damage claim continues to date, Zurich owes a duty to Blake to participate in the defense of this action.

Next, your letter states that Zurich disclaims any obligation to defend or indemnify Blake based on the pollution exclusion. We strongly disagree that the construction defect damages alleged in Plaintiff's complaint in this action could be classified as pollution. Although you have stated in your letter that the mold alleged in the complaint is a pollutant, we have noticed that you have not provided any authority to support this statement. In addition, mold is not the only alleged damage in this case. As such, Zurich is not released from its obligation to defend or indemnify Blake Construction in this action.

The third basis you have provided for Zurich's denial of coverage to Blake in this action relates to the "your product" exclusion. You are claiming that the damages alleged in Plaintiff's action can be categorized as Blake's product. However, we disagree with this assessment, as any damages alleged in this action were not caused by "loss of use, withdraw, recall, inspection, repair or replacement" of Blake's products but rather such damages relate only to the "products" of subcontractors . As such, this exclusion is inapplicable and does not provide a proper basis for Zurich to deny coverage to Blake in this action.

Next, you stated that Zurich reserves its right under the terms of the policy based on Blake's failure to notify Zurich in a timely manner. However, as you will note, the policy states "2(a) you must see to it that we are notified and *as soon as practicable* of an "occurrence or an offense which may result in a claim". We believe Blake did notify Zurich as soon as practicable in this action and this is not a valid basis on which to deny coverage in this action. You further must show prejudice to you and, based upon Blake's substantial deductible and right to choose its own counsel -- no such prejudice exists.

Finally, Zurich has reserved its rights under the terms of the policy based on the "damage to property" portion of the policy. Again, this language is inapplicable to the current action and is not a valid basis for Zurich's denial of coverage.

POPOV & McCULLOGH, LLP
———— ATTORNEYS AT LAW ————

Richard A. Dudek
Zurich Insurance Company
March 8, 2001
Page 3

As we obviously disagree with your analysis of coverage in this action, we ask that you provide us with the legal basis for your position. Meanwhile, please be advised that we are in the midst of conducting mediation with all parties in this action which will take place on March 14, 2001. Accordingly, we look forward to hearing from you with respect to your defense of Blake Construction in the above-entitled matter in the very near future.

Very truly yours,

R. Patrick McCullogh

RPM:ldp

cc:   William C. Gribble
      James R. Gillie

# POPOV & McCULLOGH, LLP

——————————————————— ATTORNEYS AT LAW ———————————————————

Regents Park Financial Centre
4180 La Jolla Village Drive, Suite 315
La Jolla, California 92037

Tel: (858) 457-2900
Fax: (858) 457-2950

## *FACSIMILE COVER SHEET*

DATE:       March 9, 2001

TO:         Richard Dudek/Zurich Insurance Company

FROM:     R. Patrick McCullogh

RE:        Trustees of the California State University v. Blake Construction
            SDSC Case No. 729618

NUMBER CALLED: (847) 605-7811

NUMBER OF PAGES: (including cover page) 4

**MESSAGE/COMMENTS:**

Please deliver this information to the person above named.   If you have any
questions regarding this transmission, please call: *Loreen*

ORIGINAL FORWARDED:  YES X   NO ___
VIA
REGULAR MAIL  X   OVERNIGHT ___   MESSENGER ___

**WARNING**

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS CONFIDENTIAL INFORMATION (AND MAY BE ATTORNEY-CLIENT PRIVILEGED) INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OR DISTRIBUTION OF THIS COMMUNICATION TO ANYONE OTHER THAN THE INTENDED RECIPIENT IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

F:\CLTDATA\BLAKE\SDSUResHall\Fax\FaxForm'HP.wpd

```
***************************
***   ACTIVITY REPORT   ***
***************************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO. | 8608 |
| CONNECTION TEL | 18476057811 |
| CONNECTION ID | |
| START TIME | 03/09 11:07 |
| USAGE TIME | 01'41 |
| PAGES | 4 |
| RESULT | OK |

# POPOV & MCCULLOGH, LLP

———————————— ATTORNEYS AT LAW ————————————

Regents Park Financial Centre
4180 La Jolla Village Drive, Suite 450
La Jolla, California 92037

Tel: (858) 457-2900
Fax: (858) 457-2950

## *FACSIMILE COVER SHEET*

DATE:    March 9, 2001

TO:    William Gribble

FROM:    R. Patrick McCullogh

RE:    Trustees of the California State University v. Blake Construction Co., Inc., et al.
SDSC Case No. 729618

NUMBER CALLED: (202) 296-6294

NUMBER OF PAGES: (including cover page)   4

MESSAGE/COMMENTS: *Per our conversation*

Please deliver this information to the person above named.    If you have any
questions regarding this transmission, please call: *Loreen*

ORIGINAL FORWARDED:   YES___   NO _X_
VIA
REGULAR MAIL___   OVERNIGHT___   MESSENGER___

### WARNING

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS CONFIDENTIAL INFORMATION (AND MAY BE ATTORNEY-CLIENT PRIVILEGED) INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OR DISTRIBUTION OF THIS COMMUNICATION TO ANYONE OTHER THAN THE INTENDED RECIPIENT IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

F:\CLTDATA\BLAKE\SDSURcsHall\Fax\GribbleGillie.wpd

```
*****************************
***   ACTIVITY REPORT   ***
*****************************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO. | 8607 |
| CONNECTION TEL | 12022966294 |
| CONNECTION ID | BLAKE CONSTRUCTI |
| START TIME | 03/09 10:57 |
| USAGE TIME | 02'04 |
| PAGES | 4 |
| RESULT | OK |

# POPOV & McCULLOGH, LLP
———————————— ATTORNEYS AT LAW ————————————

Regents Park Financial Centre
4180 La Jolla Village Drive, Suite 450
La Jolla, California 92037

Tel: (858) 457-2900
Fax: (858) 457-2950

March 8, 2001

Richard A. Dudek
Account Specialist
Zurich American Insurance
P.O. Box 4032
Schaumburg, IL 60168-4032

> Re:   Trustees of the California State University v. Blake Construction
>        SDSC Case No. 729618
>        Insured:     Blake Construction Co., Inc.
>        Claimant:    Trustees of the California State University
>        Claim No.:   908-23729

Dear Mr. Dudek:

In follow up to our recent letter that responds to Zurich's coverage position in the above referenced matter, please be advised that if Zurich fails to attend the mediation scheduled in this case for Wednesday, March 14, 2001 at 9:30 a.m, it does so at its own peril. Please feel free to contact me if you have any questions regarding this case or the upcoming mediation.

Very truly yours,

R. Patrick McCullogh

RPM:dn

cc:   William C. Gribble
      James R. Gillie

# POPOV & McCULLOGH, LLP

— ATTORNEYS AT LAW —

Regents Park Financial Centre
4180 La Jolla Village Drive, Suite 450
La Jolla, California 92037

Tel: (858) 457-2900
Fax: (858) 457-2950

## FACSIMILE COVER SHEET

DATE:        March 9, 2001

TO:          Richard Dudek/Zurich Insurance Company

FROM:        R. Patrick McCullogh

RE:          Trustees of the California State University v. Blake Construction
             SDSC Case No. 729618

NUMBER CALLED: (847) 605-7811

NUMBER OF PAGES:  (including cover page) 2

**MESSAGE/COMMENTS:**

Please deliver this information to the person above named.  If you have any questions
regarding this transmission, please call: *Loreen*

ORIGINAL FORWARDED:  YES _X__  NO___
VIA
REGULAR MAIL _X__  OVERNIGHT___  MESSENGER___

**WARNING**

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS CONFIDENTIAL INFORMATION (AND MAY BE ATTORNEY-CLIENT PRIVILEGED) INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OR DISTRIBUTION OF THIS COMMUNICATION TO ANYONE OTHER THAN THE INTENDED RECIPIENT IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

F:\CLTDATA\BLAKE\SDSUResHall\Fax\Dudek.wpd

```
***************************
***   ACTIVITY REPORT   ***
***************************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO. | 8613 |
| CONNECTION TEL | 18476057811 |
| CONNECTION ID | |
| START TIME | 03/09 12:08 |
| USAGE TIME | 00'44 |
| PAGES | 2 |
| RESULT | OK |

EXHIBIT 10



# LILLICK
## & 
## CHARLES
### L L P
ATTORNEYS AT LAW

Two Embarcadero Center
San Francisco, CA 94111-3996

Phone: 415·984·8200
Facsimile: 415·984·8300

March 13, 2001

Writer's Email Address

salwaya@lillick.com

Writer's Direct Dial Number

(415) 984-8426

Mr. Richard A. Dudek                              **VIA FACSIMILE**
Account Specialist
Zurich American Insurance Company
P.O. Box 4032
Schaumburg, Illinois  60168-4032

>       Re:   Insured:      Blake Construction
>             Claimant:     Trustees of the California State University
>             Claim No.:    908-23729
>
>       *Trustees of the California State University vs. Blake Construction Company, et al.,*
>       San Diego County, California, Case No. 729618

Dear Mr. Dudek:

This is further to our telephone conference of March 12, 2001, in which we discussed numerous issues raised by your disclaimer letter of February 19, 2001, to Mr. Dan Kolakoski of Blake Construction. As we informed you, this office has been retained by Blake Construction to represent Blake Construction's interest concerning the coverage-related matters arising out of the above-referenced matter.

In our discussion, you stated your view that the law of the District of Columbia applies and that your February 19 disclaimer is appropriate under D.C. law.  We believe that California and not D.C. law applies to this coverage tender, for reasons addressed below.  More importantly, it is absolutely clear that under either forum's law a duty to defend exists.

You have appeared to rely mainly on two grounds for disclaimer.  First, you have contended that the Complaint does not allege an "occurrence" of "bodily injury" or "property damage" during the policy period, because "the work was completed in 1992 and the property damage arose in 1992 and 1993."  You were previously advised (correctly) by Mr. McCullogh in his letter of March 8, 2001, that your position is patently contrary to express law in California.  *Pepperell v. Scottsdale Insurance Company, 62 Cal.App. 4th 1045 (1998).*   The District of Columbia likewise applies a continuous trigger of coverage to

Mr. Richard A. Dudek
March 13, 2001
Page 2


continuous or progressive injury. *Keene Corp. v. Insurance Company of N. America* (D.C.Cir. 1981) 667 F.2d 1034, cert. denied, 455 U.S. 1007 (1982).

Notwithstanding that the alleged property damage might have begun in 1992 or 1993, there can be no serious contention that the Complaint does not allege ongoing property damage into the periods covered by Zurich's policies.

Second, you rely on the pollution exclusion to disclaim coverage for mold damage allegedly resulting from water intrusion. Again, as was pointed out to you in the March 8, 2001, response from Mr. McCullogh, mold is not the only damage alleged. Paragraph 12 of the Complaint alleges inter alia: "Said defects have caused damage to the Chapultepec Residence Hall, ... have caused damage to the structures and fixtures located therein, have resulted in physical injury to tangible property and loss of use and enjoyment ...." Clearly, the Complaint alleges "property damage" not within the purview of the pollution exclusion - even as you have contended the exclusion applies.

Even if the indisputable facts were that only mold damage were alleged and at issue, there is no credible basis for your disclaimer based on that exclusion for this type of alleged damage. We note, for starters, that neither California nor the District of Columbia have construed the pollution exclusion to apply to property damage involving mold has resulting from construction defect.

You have contended that, absent a D.C. case in point, you will not consider caselaw from other jurisdictions, but instead rely on "the policy language." While cases in other jurisdictions (i.e. jurisdictions other than the one whose law applies) would not be legally binding, we believe a disclaimer decision that does not take into consideration reasonable constructions of "the policy language" is an unreasonable position for you to take.

We ask that you consider virtually the only case close to on point on this issue, *Leverence v. USF&G*, 462 N.W.2d 218 (1990). The court, construing exclusionary language functionally identical to that on which you rely, held that the pollution exclusion does not apply to mold growth from water intrusion of the sort alleged here, because the mold did not arise from "discharge, dispersal, seepage, migration, release or escape" of "pollutants." While bodily injury from exposure to mold might conceivably be said to result from a "discharge" etc. of whatever in mold might cause such an injury, that cannot be said of the property damage claims alleged here. The presence of the mold in or on the property causes injury to the property – not the "discharge" of mold from the property. (Also, mold does not get "discharged", etc., etc., into the property it grows.)

Mr. Richard A. Dudek
March 13, 2001
Page 3

We note that *Leverence* did not conclude that mold is a "pollutant." Rather, it held that, even if mold were a pollutant, it would not be within the reach of the exclusion. Blake Construction disputes that mold is a "pollutant" within the meaning of an exclusion which identifies the type of "pollutants" of concern to be "smoke, vapor, soot fumes, acids, alkalis, chemicals and waste." These are clearly industrial pollutants. Molds are fungi, defined in Webster's Dictionary as "any major group of...parasitic lower plant that lacks chlorophyll." We have located no case anywhere that has considered fungi such as mold or mildew to be a "pollutant" as contemplated by Zurich's pollution exclusion.

While we frankly believe that the coverage outcome is precisely the same under D.C. and California law, we believe there is very little chance that this matter will be resolved by application of D.C. law. This matter concerns a risk which has materialized in California. In its Application for coverage, Blake Construction informed Zurich of its California operations and even obtained Auto and Workers Compensation coverage from Zurich for its California business and employees. While the insured is domiciled in D.C., Zurich is not a D.C. insurance company. Under the circumstances, we cannot think that Zurich has any meaningful argument to make why D.C. law should apply to resolve a dispute between an insured for a risk arising in California from its California operations, under a policy issued by an Illinois insurance company.

## ZURICH HAS AN OBLIGATION TO DEFEND

An insurer has a duty to defend an insured if the third-party lawsuit pleads facts which, if true, give rise to the potential for coverage under the insuring agreement. *Waller, et al v. Truck Insurance Exchange, et al.*, (1995) 11 Cal. 4th 1.

This particular case involves continuous damage to physical tangible property resulting from defective construction beginning in March 18, 1991 and continuing to the present. The project was completed in 1992. The defective construction has caused excessive levels of moisture to get trapped in the building and cause mold and mildew damage to various parts of the building. It appears that the water intrusion arose not only from window defects but also from lathe and plaster installation. As you know, Blake Construction was the general contractor on the project. Blake Construction entered into subcontract agreements with various subcontractors to perform work on the project. The various subcontractors' work is implicated here.

Given the above there appears to be evidence of damage to tangible property caused by negligent construction during Zurich's policy period. Accordingly, Zurich has an obligation to defend Blake Construction.

301624.2

Mr. Richard A. Dudek
March 13, 2001
Page 4

### ZURICH FAILED TO CONDUCT AN INVESTIGATION

We believe that Zurich failed to conduct a reasonable investigation prior to communicating its disclaimer. Case law generally is to the effect that upon the tender of the claim, a carrier has an affirmative duty to conduct a full and complete investigation. *Egan v. Mutual of Omaha Insurance Company*, (1979) 24 Cal. 3d 809, 819. The insurer is to investigate claims in good faith, act reasonably and give "equal consideration to the interest of its insured(s) as it does to its own interest." *Egan*, supra, 24 Cal. 3d 809, 818.

While an insured has a duty to cooperate in the insurer's investigation, this does not require the insured to conduct the investigation for the insurer; the burden is on the insurer to seek the information relevant to the claim. *Hughes v. Blue Cross of Northern California*, (1989) 215 Cal. App. 3d 832, 846. Cert. dismissed, 495 U.S. 944 (1990). The insurer's duty to investigate exists even if the insured does not provide the requested information. *McCormick v. Sentinel Life Insurance Company*, (1984) 153 Cal. App. 3d 1030.

Where an insurer fails properly to investigate and later coverage is established, <u>lack of proper investigation is a basis for bad faith exposure</u>. *McMillin Scripps North Partnership v. Royal Insurance Company*, (1993) 19 Cal. App. 4th 1215, 1222; *Murray v. State Farm Fire & Casualty Company*, (1990) 219 Cal. App. 3d 58, 65-66. Further, under the California Fair Claims Practices Act, a carrier must respond to its insured within 15 days. A lack of response or a late response coupled with no investigation is a breach of the covenant of good faith and fair dealing. *Spray, Gould & Bowers v. Associated International Ins. Company* (1999) 71 Cal. App. 4th 1260.

Here, there was no investigation conducted prior to the disclaimer. Therefore, Zurich breached its obligation to investigate. Had Zurich conducted any reasonable investigation into the facts of the case, it would have realized that its disclaimer position is unreasonable.

### THERE IS COVERAGE FOR BREACH OF CONTRACT CLAIM

We note also that you have contended in your disclaimer that there can be no coverage for the breach of contract claims. This is not true for the breach of contract claims alleged here. The California Supreme Court, in *Vandenberg, et al. v. Superior Court* (1999) 21 Cal. 4th 815, 88 Cal. Rptr. 2d 366, addressed the issue of whether a commercial general liability insurance ("CGL") policy, which provides coverage for sums the insured is "legally obligated to pay as damages," provides coverage for breach of contract claims.

By focusing on the plain meaning of the "legally obligated to pay" language, the Supreme Court held that breach of contract claims might be covered under a CGL policy,

Mr. Richard A. Dudek
March 13, 2001
Page 5

depending upon the nature of the damage at issue. The Court stated that the proper focus on whether a claim is covered is whether "bodily injury" or "property damage" is alleged, and not whether the claim sounds in contract or tort. Because this case involves property damage allegations, there is coverage for the insured under the breach of contract cause of action.

### CONCLUSION

Based on the foregoing, we strongly urge that Zurich reconsider its disclaimer and acknowledge promptly its obligation to defend Blake Construction in the above action. Please note that Blake Construction is presently being provided with a defense by Travelers Insurance Company. The Travelers policy contains a substantial deductible. If Blake Construction were to incur loss by application of the deductible because of Zurich's unreasonable coverage position, Blake Construction would be compelled to take whatever action necessary to protect its interest.

Please also note that under California law Blake Construction could, if it so chose to do so, look only to Zurich's policy to defend. *FMC Corp. v. Plaisted and Companies,* (1999) 61 Cal App.4th 1132. In that event, Zurich's extra-contractual exposure would be immediate.

Finally, we again strongly urge that you have a representative attend the mediation, on March 14, 2001 at 9:30 a.m. The mediation will take place at the Paulsen Court Reporting Services in San Diego.

It was a pleasure discussing this matter with you. We look forward to your response.

Very truly yours,

LILLICK & CHARLES LLP

Semha Alwaya

cc:   Dan Kolakoski (via facsimile)
      Patrick McCullogh (via facsimile)

821:958 100011

301624 2

Mr. Richard A. Dudek
March 13, 2001
Page 6


bcc:   William Gribble (via facsimile)
       Karen Harding (via facsimile)



**ZURICH**

March 14, 2001

**Sent via Facsimile and Regular Mail**
**(415)984-8300**
Ms. Semha Alwaya
Lillick & Charles
2 Embarcadero Center
Suite 2700
San Francisco, CA 94111

Zurich U.S.

Environmental Claims

1400 American Lane
Schaumburg, Illinois
60196-1056

Mailing Address P. O. Box 4032
Schaumburg, IL
60168-4032

Telephone (847) 605-6155
Fax (847) 605-7811
www.zurichus.com

RE:  Insured:    Blake Construction
     Claimant:   Trustees of the California State University
     Suit:       *Trustees of the California State*
                 *University v. Blake Construction Co., et al.,*
                 (San Diego County, CA, Case No. 729618)
     Claim No.:  908-23729

Dear Ms. Alwaya:

This correspondence will serve to acknowledge receipt of your correspondence dated March 13, 2001, which serves as Blake's response to Zurich's February 19, 2001 correspondence as well as a follow up to our discussion on March 12, 2001. Please be advised that we are reviewing your correspondence and will consult further with coverage counsel and will respond to your March 13, 2001, correspondence.

During our conversation on March 12, 2001, you stated that this claim was tendered to Zurich prior to November, 2000. You further advised that you would fax me certain documentation by today. I have not received the documents to date.

Please fax me documentation as referred to during our conversation on March 12, 2001 as soon as possible.

In the interim, if you, or Blake Construction, have additional information which you believe may bring this suit within coverage of the Zurich policies, please provide the information to me for reconsideration of potential coverage for this matter.

Nothing contained in this letter is intended to waive any right Zurich has under the policies and Zurich reserves all rights under said policies.

Should you have any further questions regarding this matter, feel free to contact the undersigned.

Very truly yours,

Richard A. Dudek
Zurich American Insurance
Account Specialist
(847)605-6994


CC:     Mr. Dan Kolakoski
        Blake Construction
        1120 Connecticut Ave. NW
        Washington, DC 20036

# LILLICK
## &
# CHARLES
L L P
ATTORNEYS AT LAW

Two Embarcadero Center
San Francisco, CA 94111-3996

Phone: 415-984-8200
Facsimile: 415-984-8300

March 20, 2001

Writer's Email Address

salwaya@lillick.com

Writer's Direct Dial Number

(415) 984-8426

**VIA FACSIMILE**

Mr. Richard A. Dudek
Account Specialist
Zurich American Insurance Company
P.O. Box 4032
Schaumburg, Illinois  60168-4032

> Re:   Insured:      Blake Construction
>        Claimant:    Trustees of the California State University
>        Claim No.:   908-23729

*Trustees of the California State University vs. Blake Construction Company, et al.,*
San Diego County, California, Case No. 729618

Dear Mr. Dudek:

This will confirm the receipt of and thank you for your letter of March 14, 2001.  It now appears that Zurich has, for the first time, retained coverage counsel to provide it with a coverage analysis.  Please have coverage counsel contact the undersigned.

With respective Blake Construction's tender to Zurich, we will send you the necessary documents once we obtain them from our client.  However, as you are well aware, a carrier may not rely on a late notice defense to deny a claim to its insured. This is more so in those circumstances such as the one here where Zurich has already denied a defense once.

We look forward to hearing from you.  Should you have any questions regarding the foregoing, please feel free to contact the undersigned.

Very truly yours,

LILLICK & CHARLES LLP

Semha Alwaya

302757.1

Mr. Richard A. Dudek
March 20, 2001
Page 2


cc:     Dan Kolakoski (via facsimile)
        Patrick McCullogh (via facsimile)

821:958:100011

# LILLICK
## &
# CHARLES
### L L P
#### ATTORNEYS AT LAW

Two Embarcadero Center
San Francisco, CA 94111-3996

Phone: 415-984-8200
Facsimile: 415-984-8300

March 23, 2001

Writer's Email Address

salwaya@lillick.com

Writer's Direct Dial Number

415-984-8426

### VIA FACSIMILE

Mr. Richard A. Dudek
Account Specialist
Zurich American Insurance Company
P.O. Box 4032
Schaumburg, Illinois  60168-4032

Re:    *Trustees of the California State University v. Blake Construction*
San Diego Superior Court Case Number: 729618

Dear Mr. Dudek:

Pursuant to your request, attached please find copies of two letters dated May 3, 1999 and November 20, 2000, wherein Mr. Patrick McCullogh, Defense Counsel for Blake Construction notified Zurich American of a claim against its insured, Blake Construction.

As you know, although Zurich was notified of this lawsuit as early as May 3, 1999, Zurich did nothing with respect to this claim.  The only notification that the insured received from Zurich was a disclaimer dated February 19, 2001.

We cannot stress enough the need for Zurich's immediate participation in the defense and indemnification of its insured.

We look forward to hearing from you.

Very truly yours,
LILLICK & CHARLES LLP

Semha Alwaya

Semha Alwaya

821:402:111197
cc:    Mr. R. Patrick McCullogh
Popov & McCullogh, LLP
Via Facsimile

303309.1

# LILLICK
## &
# CHARLES
L L P
ATTORNEYS AT LAW

Two Embarcadero Center
San Francisco, CA 94111-3996

Phone: 415-984-8200
Facsimile: 415-984-8300

April 4, 2001

Writer's Email Address

salwaya@lillick.com

Writer's Direct Dial Number
415-984-8426

**VIA FACSIMILE**

Mr. Richard A. Dudek
Account Specialist
Zurich American Insurance Company
P.O. Box 4032
Schaumburg, Illinois  60168-4032

Re:     *Trustees of the California State University v. Blake Construction*
San Diego Superior Court Case Number: 729618

Dear Mr. Dudek:

This confirms our telephone conference of April 3, 2001 wherein you informed us that Zurich is <u>still</u> investigating this matter.  You also informed us that Zurich has all the information it needs to conclude its investigation.

We look forward to hearing from you.

Very truly yours,
LILLICK & CHARLES LLP

Semha Alwaya

821:402:111197
cc:    Mr. R. Patrick McCullogh
Popov & McCullogh, LLP
Via Facsimile
cc:    Dan Kolakoski
Blake Construction
Via Facsimile

304561 1

SAN FRANCISCO  •  ORANGE COUNTY

(Rev. 07/89)

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

FILED
01 APR 13 PM 3:
CLERK, U.S. DISTRICT CO
SOUTHERN DISTRICT OF CALIF

'01 CV 0657 K (NLS)

ORIGINAL

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Blake Construction Co., Inc., a Delaware corporation, | Zurich American Insurance Company, a New York corporation; and DOES 1 through 100, inclusive |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **SAN DIEGO**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **NEW YORK**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
R. Patrick McCullogh
POPOV & MCCULLOGH, LLP
4180 La Jolla Village Dr., #450
La Jolla, CA  92037

ATTORNEYS (IF KNOWN)
Jacob Cecere
SPIGELMAN & CECERE, LLC
19636 Club House Road
Gaithersburg, MD  20886

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY). Breach of Contract and Implied covenant of Good Faith and Fair Dealing in wrongful denial of coverage and duty to defend. Diversity jurisdiction based on 28 U.S.C. Section 1332   28:1332 b c

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   DEMAND $   Check YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE Reid-Winston   Docket Number 01-0002313

DATE  4/13/01   SIGNATURE OF ATTORNEY OF RECORD

CB  04/13/01  070229 $150

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)